IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CARLOS J. SMITH, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | 2:19-cv-00778 |
| v. | ) |  |
|  | ) |  |
| JOHN BIALIK, JAMES MANN, and the | ) |  |
| AMBRIDGE POLICE DEPARTMENT, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION

Before the Court is Defendant John Bialik's Motion to Dismiss for failure to state a claim. (ECF No. 23.) For the reasons that follow, Defendant's Motion is DENIED without prejudice.

### I. BACKGROUND

Here are the relevant facts, as alleged in the Amended Complaint: On July 3, 2017, Plaintiff, Carlos J. Smith, entered Robert Davis's apartment to charge his cell phone. (ECF No. 21 ¶ 12.) Fifteen (15) minutes after he arrived, individuals began pounding on the door and threatened to shoot the occupants. (*Id.* ¶ 16.) Unbeknownst to the occupants, the individuals at the door were police officers. (*Id.* ¶ 17.) Smith, fearing for his safety, hid near a closet. (*Id.* ¶¶ 18, 22.)

One of the Defendants, Officer John Bialik, eventually ordered Smith to emerge from where he was hiding, handcuffed him, and searched his person. (*Id.* ¶¶ 23, 24.) Bialik then proceeded to search the closet and announced that he found prescription pills. (*Id.* ¶¶ 25, 26.) Davis told Bialik that the pills belonged to a friend who was not present. (*Id.* ¶ 28.) Despite Davis's assertion, Bialik arrested Smith for unlawful possession, for which he was subsequently charged. (*Id.* ¶¶ 29, 30, 33.)

1

Proceedings were initiated in Beaver County and Smith was incarcerated for over three (3) months awaiting trial. (*Id.* ¶ 53.) During a preliminary hearing, Bialik told Smith's attorney that he did not want to press charges and that there was a lack of evidence against Smith. (*Id.* ¶ 41.) All charges were eventually dismissed by the Assistant District Attorney. (*Id.* ¶ 55.)

## II. PROCEDURAL HISTORY

Following this chain of events, Plaintiff filed suit against the arresting officer (John Bialik), the former Ambridge Chief of Police (James Mann), and the Ambridge Police Department. (ECF No. 1.) Plaintiff sought damages pursuant to 42 U.S.C. § 1983 for: (1) alleged violations of the Fourth Amendment; (2) false arrest; (3) malicious prosecution; and (4) conspiracy to deprive civil rights. (*Id.*) On November 18, 2019, Defendant filed a Motion to Dismiss for failure to state a claim. (ECF No. 16.) Plaintiff then moved for leave to amend the Complaint, which was granted by the Court. (ECF Nos. 19, 20.) An Amended Complaint was filed on December 1, 2019, asserting the same claims as set forth by the initial Complaint. (ECF No. 21.) Defendant's original Motion to Dismiss was dismissed without prejudice as moot and a subsequent Motion to Dismiss was filed on December 16, 2019. (ECF No. 23.) Briefing on Defendant's Motion to Dismiss at ECF No. 23 is now complete. (ECF Nos. 24, 25.)

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for failure "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To overcome that standard, a complaint must allege facts "sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is

2

plausible on its face."). When determining whether dismissal is appropriate, the Court must: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

The Court, however, should "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Blanyar v. Genova Prods. Inc.*, 861 F.3d 426, 431 (3d Cir. 2017) (citing *Fowler*, 578 F.3d at 210). And a Rule 12(b)(6) motion tests the sufficiency of the factual allegations contained in the complaint—it does not resolve disputed facts or decide the merits of the case. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).

It is also worth noting that our Circuit has firmly held (as has the Supreme Court) that a claim for relief under 42 U.S.C. § 1983 should not be considered "under a heightened pleading requirement, but under the more liberal standards of notice pleading" as set forth by Federal Rule of Civil Procedure 8. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004) (citing *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)); *see also Abbott v. Latshaw*, 164 F.3d 141, 148 (3d Cir. 1998) (observing that nothing more is required of § 1983 cases than the notice pleading requirement of Rule 8).

## IV. DISCUSSION

Section 1983 provides a civil cause of action for a deprivation of the "rights, privileges, or immunities secured by the Constitution and laws" under color of state law. 42 U.S.C. § 1983. Plaintiff alleges that Bialik, an Ambridge police officer, acted under color of state law and asserts three claims under § 1983 against him: (1) unlawful search in violation of the Fourth Amendment;

3

(2) unlawful seizure in violation of the Fourth Amendment; and (3) false arrest.[1] (ECF No. 21.) Defendant also raises concerns regarding qualified immunity. The Court will address each issue in turn.

## A. Count I: Fourth Amendment Unlawful Search

Plaintiff claims that the Defendant performed an unreasonable search of his person in violation of the Fourth Amendment when the Defendant "aggressively patted down and searched Plaintiff and found $2,619.00 in Plaintiff's pocket." (ECF No. 21 ¶ 24.) Defendant argues that Plaintiff's claim under the Fourth Amendment requires "proof under the *Twombly* and *Iqbal* standards that his arrest was without probable cause." (ECF No. 24, at 5–6.)

The Fourth Amendment provides that all individuals are "to be secure in their persons . . . against unreasonable searches and seizures." U.S. Const. amend IV. And it is widely held that "[w]arrantless searches are presumed unreasonable, unless an exception applies." *United States v. Crutchfield*, 444 F. App'x 526, 528 (3d Cir. 2011) (citing *Payton v. New York*, 445 U.S. 573, 585–86 (1980)). In other words, to properly plead a Fourth Amendment search violation, Plaintiff simply needs to plead that a warrantless search occurred. The burden is not on the Plaintiff to show that an exception to the warrant requirement did not apply. *See Free Speech Coal., Inc. v. Attorney Gen. U.S.*, 825 F.3d 149, 169 (3d Cir. 2016) ("The few situations in which a search may be conducted in the absence of a warrant have been carefully delineated and the burden is on those

---

[1] In the Motion currently before the Court, the Defendant seeks "to dismiss the claims against him" but only provides argument regarding Plaintiff's "claim of unlawful search under the Fourth Amendment" and Plaintiff's "claim of unlawful arrest." (ECF No. 23, at 1; ECF No. 24, at 6.) Defendant also notes that "two principal arguments remain" regarding Plaintiff's Amended Complaint: (1) "the Amended Complaint fails to allege facts sufficient to establish Officer Bialik lacked probable cause to search and arrest Smith"; and (2) "the averments, as they now stand, entitle Officer Bialik to qualified immunity." (ECF No. 24, at 5.) The Court will therefore construe the Motion at ECF No. 23 as challenging Counts I, II, and III of the Amended Complaint and will decline to analyze whether Counts IV and V should be dismissed for failure to state a claim.

4

seeking the exemption to show the need for it.") (citing *California v. Acevedo*, 500 U.S. 565, 589 n.5 (1991)).

Here, Plaintiff adequately pled that his person was unlawfully searched. Smith states that no search warrant was issued to conduct a search of his person, and that a search did in fact occur. (ECF No. 21 ¶¶ 66–68.) The Amended Complaint properly notifies the Defendant of the approximate time, place, and manner of the alleged unlawful search, which sets forth "a short and plain statement of the claim showing that the pleader is entitled to relief" within the requirements of Federal Rule of Civil Procedure 8(a)(2). The Defendant should have no trouble forming a responsive pleading. Thus, the Court will decline to dismiss Count I of the Amended Complaint for failure to state a claim.

### B. Count II: Fourth Amendment Unlawful Seizure

Next, Plaintiff claims that he was unlawfully seized in violation of the Fourth Amendment when the Defendant handcuffed and detained him. (ECF No. 21 ¶¶ 69–72.) Again, Defendant argues that the Plaintiff must plead that the arrest was made without probable cause. (ECF No. 24, at 5–6.)

As noted above, the Fourth Amendment protects against unlawful searches and seizures. "A seizure occurs for Fourth Amendment purposes when 'a reasonable person would have believed that he was not free to leave.'" *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 147 (3d Cir. 2005) (quoting *Michigan v. Chesternut*, 486 U.S. 567, 573 (1988)). Or, put another way, "whenever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person." *Couden v. Duffy*, 446 F.3d 483, 494 (3d Cir. 2006) (citing *Terry v. Ohio*, 392 U.S. 1, 16 (1968)). "Generally, a seizure is reasonable only where it is justified by a warrant or probable cause." *Id.*

Here, Plaintiff clearly alleges that he was not free to leave, and that the seizure was made without a warrant or probable cause. Plaintiff asserts that he was handcuffed, detained, and subsequently brought to the Ambridge Police Station. (ECF No. 21 ¶¶ 23, 32.) A reasonable person in Smith's situation would not feel free—or be physically able—to leave the Defendant's custody. Plaintiff also states that the Defendant did not have a warrant to arrest him and that there were "no facts to support an arrest of Plaintiff" because "Smith told Bialik he did not live in the apartment and [the pills found in the closet] were not his." (ECF No. 21 ¶¶ 29, 30.)

As with the Fourth Amendment claim above, the Amended Complaint properly notifies the Defendant of the approximate time, place, and manner of the alleged unlawful seizure, which satisfies the requirements of Federal Rule of Civil Procedure 8(a)(2). Thus, the Court will decline to dismiss Count II of the Amended Complaint for failure to state a claim.

### C. Count III: False Arrest

Regarding Count III, Plaintiff claims that he was placed under false arrest when "Bialik handcuffed [him] . . . and arrested him when a reasonable police officer would not do so due to the facts present and the reasonable inquires available." (ECF No. 21 ¶ 73.) Defendant argues that Bialik had probable cause to arrest the Plaintiff. (ECF No. 24, at 5–8.)

"To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F. 3d 675, 680 (3d Cir. 2012). "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *White v. Andrusiak*, 655 F. App'x 87, 90 (3d Cir. 2016) (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995)). "The proper inquiry in a Section 1983 claim based

6

on false arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988).

Here, Plaintiff adequately pled that he was subject to a false arrest. As noted above, the Plaintiff asserts that he was handcuffed, detained, and subsequently brought to the Ambridge Police Station. (ECF No. 21 ¶¶ 23, 32.) Those facts sufficiently show that an arrest occurred. Smith pleads the second prong by stating that probable cause did not support the arrest "because the tenant, Davis, told Bialik who lawfully owned the prescription pills and the matter was not investigated," "Bialik willfully ignored all the available facts and inquires," and "Bialik made pre-judgments about the apartment building at issue." (ECF No. 21 ¶¶ 73–76.)

These statements clearly put the Defendant on notice that the Plaintiff now brings suit for false arrest because he believes he was arrested without probable cause. As with the claims above, the Defendant should have no trouble forming a responsive pleading. The Court will therefore decline to dismiss Count III of the Amended Complaint for failure to state a claim.

### D. Qualified Immunity

Lastly, Defendant states that the Amended Complaint should be dismissed because "the averments, as they now stand, entitle Officer Bialik to qualified immunity." (ECF No. 24, at 5.)

A police officer, acting under the authority of the state, is "liable under § 1983 when they violate someone's constitutional rights, unless they are protected by qualified immunity." *Curley v. Klem*, 499 F.3d 199, 206 (3d Cir. 2007). Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

7

Here, the Defendant argues that "this case should be dismissed on the basis that Officer Bialik neither violated a federal statutory or constitutional right nor can it be shown that even if his conduct was unlawful, there was an established precedent making it sufficiently clear that every reasonable official would understand what he was doing was unlawful." (ECF No. 24, at 10.)

At this stage of the proceedings, however, the Court will decline to dismiss Plaintiff's claims on the basis of an essentially purely conclusory assertion of that doctrine, wholly devoid of any actual factual or legal support for its advancement. As with many things, saying it does not make it so, and Defendant's rote and generalized incantation of the doctrine does not cut it. Factual discovery has not yet occurred, and the Court requires a more robust record and some actual legal authority to inform its qualified immunity analysis. Accordingly, the Court will deny (without prejudice) Defendant's Motion to Dismiss on such grounds.

## V. CONCLUSION

It appears to the Court that the Defendant is attempting to test the adequacy of the *evidence* against him before any discovery has occurred, rather than testing whether or not the Plaintiff has sufficiently stated the claims at issue. Defendant relies on summary judgment cases to make what is in essence a summary judgment argument. That is an improper maneuver at the motion to dismiss stage. Because the Court has concluded that the Plaintiff has properly pleaded Counts I, II, and III, the Defendant's Motion to Dismiss them at ECF No. 23 is DENIED without prejudice.

An appropriate Order will follow.

Mark R. Hornak
Chief United States District Judge

Dated: January 15, 2020
cc:   All counsel of record